UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FUAMATALA MOLI,<br><br>                Plaintiff,<br>     v.<br><br>KING COUNTY, *et al*.,<br><br>                Defendants. | CASE NO. 2:23-cv-00823-RSL<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on "Defendants' Motion to Dismiss Second Amended Complaint." Dkt. # 14. Plaintiff alleges that defendants failed to accommodate her religious beliefs in violation of Title VII, 42 U.S.C. § 2000e, and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.180, *et seq*. Defendants argue that the claims, as alleged in the operative pleading,[1] fail as a matter of law because plaintiff has not adequately alleged a religious belief that conflicts with a job requirement or that she informed her employer of the conflict.

---

[1] Although the operative pleading, Dkt. # 13, is entitled "Amended Complaint for Damages," it is actually plaintiff's second amended complaint.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 1

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). The Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). "We are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS - 2

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

Having reviewed the Amended Complaint for Damages (Dkt. # 13) and the submissions of the parties,[2] the Court finds as follows:

## BACKGROUND

On August 10, 2021, the King County Executive issued an order requiring all County executive branch employees to be fully vaccinated against COVID-19 by October 18, 2021, unless they were entitled under law to an accommodation on account of disability or religious belief. Exec. Order No. ACO-8-27-EO (found at https://kingcounty.gov/en/search).[3] At the time, plaintiff was employed as the Chief of Inventory Management with King County Metro Transit. On August 23, 2021, plaintiff asserted that her "sincerely held religious beliefs conflict with King County's vaccination mandate" and requested an exemption. Dkt. # 13 at ¶ 18. She explained:

> The Religious principles that guide my objection to the COVID vaccination are as follows: God has given me a choice to live eternity in heaven or to live eternity in hell after I die. (Deuteronomy 30:15-20) There is only one true God and I am to worship him only. (James 2:19 and Revelation 14-9-10) I am a temple of God, he live in me and I can not [sic] desecrate/defile myself. (1 Corinthians 3:16-19) The COVID vaccination is a desecration/defilement of my temple and it will condemn my spirit and soul to eternity in hell after I

---

[2] This case can be decided on the papers submitted. Defendants' request for oral argument is DENIED.

[3] The Court takes judicial notice of the fact that the conduct of which plaintiff complains occurred during the COVID-19 pandemic and of the cited Executive Order. *Denis v. Ige*, 538 F. Supp. 3d 1063, 1068-69 (D. Haw. 2021) (taking judicial notice of public health statements and emergency proclamations published on the internet).

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 3

die. My sincerely held religious beliefs conflict with King County's vaccination mandate because receiving the COVID vaccinations will guarantee that my spirit and soul will NOT return to heaven but be sent to hell for eternity. I am not opposed to all Immunizations, just the Immunizations that conflict with my sincerely held religious beliefs described above concerning the COVID vaccination. I am seeking an exemption from the mandatory COVID vaccination. I will adhere to all King County mandates that do not conflict with my sincerely held religious beliefs such as social distancing, masking up, temperature checks, cleaning procedures, etc.

*Id.*

Plaintiff alleges that she was granted an exemption from the vaccination mandate, but that her request for an accommodation was denied on December 28, 2021. Dkt. # 13 at ¶ 19. "Defendants failed to hold an interactive and engaging analysis of the job prior to denying the Plaintiff's requested accommodation." *Id.* She was placed on administrative leave on January 11, 2022, and her employment was terminated on March 18, 2022. Dkt. # 13 at ¶ 21.

## DISCUSSION

### A. Failure to Accommodate

To allege a *prima facie* case of religious discrimination under Title VII, a plaintiff must plead that "(1) a *bona fide* religious belief of the employee conflicted with an employment policy; (2) the employee informed the employer of the conflict; and (3) the employee was penalized in some way because of the conflict." *E.E.O.C. v. Townley Eng'g & Mfg. Co.*, 859 F.2d 610, 614 (9th Cir. 1988). Similarly, a *prima facie* claim of failure to accommodate religious practices under the WLAD requires a showing that (1) he or she

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 4

had a *bona fide* religious belief, the practice of which conflicted with employment duties; (2) he or she informed the employer of the beliefs and the conflict; and (3) the employer responded by subjecting the employee to threatened or actual discriminatory treatment. *Kumar v. Gate Gourmet Inc.*, 180 Wn.2d 481, 501-02 (2014). [4] Only after a plaintiff has alleged a *prima facie* case of religious discrimination does the burden shifts to the employer to show "that it initiated good faith efforts to accommodate the employee's religious practices or that it could not reasonably accommodate the employee without undue hardship." *Lawson v. Washington*, 296 F.3d 799, 804 (9th Cir. 2002) (quoting *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993)). The key element at issue here – whether plaintiff has adequately alleged a religious belief that conflicts with the COVID-19 vaccination requirement – is the same under both Title VII and the WLAD.

According to the Equal Employment Opportunity Commission ("EEOC"), a *bona fide* religious belief is one that is sincerely held. U.S. Equal Emp. Opportunity Comm'n, EEOC-CVG-2021-3, Section 12: Religious Discrimination, § 12-I(A)(2) (Jan. 15, 2021). A plaintiff's "religious belief need not be consistent or rational to be protected under Title VII, and an assertion of a sincere religious belief is generally accepted." *Keene v. City and Cnty. of San Francisco*, No. 22-16567, 2023 WL 3451687, at * 2 (9th Cir. 2023)

---

[4] Plaintiff correctly points out that a complaint in an employment discrimination lawsuit need not contain factual allegations aimed at each and every element of the *prima facie* case. Dkt. # 16 at 5 (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). But the allegations must give rise to a plausible inference that plaintiff is entitled to relief, *i.e.*, that the adverse employment action was motivated by and/or based on plaintiff's religion. Plaintiff could satisfy that burden by alleging direct evidence of discriminatory animus. She has not done so, however, and the question before the Court is whether the circumstances alleged give rise to the required inference.

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 5

(unpublished) (citations omitted). Nevertheless, courts need not accept conclusory assertions that a particular belief is "religious," *Bolden-Hardge v. Off. of the Cal. State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023), and "a 'threadbare reference' to a plaintiff's religious beliefs is insufficient to satisfy the first element of her *prima facie* case for Title VII discrimination, *Bird v. Randol*, No. 6:23-CV-1678-MC, 2024 WL 964244, at *3 (D. Or. Mar. 6, 2024).

      In October 2021, the EEOC published guidance regarding a wide range of COVID-19 issues in the workplace, including how employers should respond to reasonable accommodation claims based on religious objections to vaccinations. The publication was most recently updated on May 15, 2023. The EEOC made clear that:

> Title VII does not protect social, political, or economic views or personal preferences. Thus, objections to a COVID-19 vaccination requirement that are purely based on social, political, or economic views or personal preferences, or any other nonreligious concerns (including about the possible effects of the vaccine), do not qualify as religious beliefs, practices, or observances under Title VII. However, overlap between a religious and political view does not place it outside the scope of Title VII's religious protections, as long as the view is part of a comprehensive religious belief system and is not simply an isolated teaching.

What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws at L.2 to L.3, U.S. Equal Emp. Opportunity Comm'n (Oct. 25, 2021), https://www.eeoc.gov/wysk/what-youshould-know-about-covid-19-and-adarehabilitation-act-and-other-eeo-laws#L. Thus, the question before the Court on this motion to dismiss is whether plaintiff has plausibly alleged that her objections to her employer's COVID-19

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 6

vaccination mandate arose from her religious beliefs as opposed to her social/ philosophical/medical views and/or personal preferences.

Plaintiff informed her employer, and alleges in her complaint, that she has a sincerely held religious belief that receiving the COVID-19 vaccination will defile her body, a temple of God, thereby condemning her to eternity in hell. Dkt. # 13 at ¶ 18. She makes clear, however, that she does not object to all vaccines or immunizations. Plaintiff makes no attempt to explain how the injection of the COVID-19 vaccine constitutes a defilement or desecration of God's temple while the injection of a similar substance aimed at another illness does not. As the Ninth Circuit noted in *Keene*, religious beliefs do not have to be logical or consistent, but simply designating a belief, preference, or viewpoint as religious is insufficient under Rule 12(b)(6). Plaintiff must do more than present labels, conclusions, and/or a formulaic recitation of a cause of action's elements to give rise to a plausible inference that plaintiff's sincerely held objections to obtaining a COVID-19 vaccine were religious in nature. *Twombly*, 550 U.S. at 545. *See Bartholomew v. Wash.*, __ F. Supp. 3d __, 2024 WL 1426308, at *4 (2024) ("[A]n employee's complaint must provide sufficient information about the nature of the employee's beliefs in order to state a claim for Title VII religious discrimination." *Blackwell v. Lehigh Valley Health Network*, No. 5:22-CV-03360-JMG, 2023 WL 362392, at *6 (E.D. Pa. Jan. 23, 2023)).

In this case, plaintiff alleges a one-off objection to a particular employer-mandated vaccine and simply labels that objection as religious in nature. While the Court fully credits her belief that her body is to be cherished and protected as a reflection of and

ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS - 7

temple to her deity, there is no indication that this belief compels her to reject any particular medical intervention, injection, or foreign substance. Especially where plaintiff acknowledges that neither injections nor vaccines are, as a general matter, forbidden in her belief system, the complaint does not give rise to an inference that plaintiff's religion forbids receiving the COVID-19 vaccine. "[V]ague expressions of sincerely held Christian beliefs alone cannot serve as a blanket excuse for avoiding all unwanted employment obligations." *Kather v. Asante Health Sys.*, No. 1:22-cv-01842-MC, 2023 WL 4865533, at *5 (D. Or. July 28, 2023) (citing *Finkbeiner v. Geisinger Clinic*, 623 F. Supp. 3d 461, 465–66 (M.D. Pa. 2022)).

Having failed to identify any element of her religious belief system that conflicted with her employer's COVID-19 vaccination requirement, plaintiff failed to give her employer timely notice of a religious conflict. Because an employer has no duty to accommodate non-religious objections to workplace policies, the alleged failure to engage in an interactive discussion regarding potential accommodations cannot establish liability in this case.

**B. Doe Defendants**

Plaintiff sued a number of Doe defendants but has not identified any acts or omissions attributed to them or any legal theory under which individuals or entities other than her employer could be liable for a failure to accommodate. A bare allegation that an unidentified person is in some way involved in and legally responsible for wrongdoing does not raise a plausible inference of liability.

## C. Leave to Amend

Plaintiff seeks leave to amend her complaint "if the Court finds that more facts are needed to support" her claim." Dkt. # 16 a 13. Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" (*Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994)), and "[c]ourts may decline to grant leave to amend only if there is strong evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, *etc*." (*Sonoma County Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (internal quotation marks and alterations omitted)). The underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)

Although leave to amend is the norm in this situation, plaintiff has already amended her complaint on two occasions, and the Court finds that further amendment would be futile. Plaintiff has not identified any religious belief other than that her body is a temple of God to justify her objection to the COVID-19 vaccine, and that broad and general belief does not conflict with the employer's policy as discussed above. Even if plaintiff could now identify a sincerely held religious belief that actually precludes receiving the COVID-19 vaccine, she failed to give the employer timely notice of any such belief and will

therefore be unable to raise an inference of unlawful employment discrimination. Leave to amend is therefore denied.

For all of the foregoing reasons, defendants' motion to dismiss is GRANTED. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiff.

Dated this 29th day of April, 2024.

Robert S. Lasnik
United States District Judge